IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Joe Sturkey, | ) Civil Action No.: 8:10-1281-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Jon Ozmint, Warden Bollneger, Warden Pate, and Lt. Walker, | ) |
| Defendants. | ) |

The Plaintiff filed this prisoner civil rights action on June 11, 2010. Before the court is the Defendants' Motion to Dismiss, or, alternatively, one for Summary Judgment. (Dkt. # 20.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**FACTS**

When the Plaintiff filed the Complaint in this action, he was incarcerated at the Allendale Correctional Institution ("ACI").[1] In his Complaint, the Plaintiff alleges that his civil rights have been violated by his transfer to the ACI from the Trenton Correctional Institution ("TCI"). In 1991, the Plaintiff was an inmate incarcerated at the ACI. He alleges that he was placed in protective custody and transferred from the ACI after prison officials discovered the existence of a "regional riot" between Greenville and Charleston inmates. (Compl. at 5.)

---

[1] It appears the Plaintiff has been transferred to the Kershaw Correctional Institution. (See Dkt. # 19 - Change of Address.)

Almost 20 years later, on February 18, 2010, the Plaintiff was notified that he was going to be transferred back to the ACI. (Compl. at 6.) The Plaintiff states he told the Defendants Lt. Walker and Warden Ballenger that he feared for his safety because of the transfer. *Id*. He states he filed three grievances which were returned unprocessed and a request to staff to which he did not receive a response. *Id.*

He alleges that upon arriving at the ACI, he informed the South Carolina Department of Corrections ("SCDC") officials of his fears and requested protective custody. (Compl. 7.) He states that the Defendant Associate Warden Pate did not respond to a request for protective custody which he filed on February 23, 2010. *Id.* The Plaintiff alleges he continues to be exposed to unreasonable and pervasive safety risks. *Id.*

The Plaintiff also alleges he has been retaliated against for filing this claim and has been subjected to "bogus" disciplinary charges which resulted in the loss of 80 days of good time credits and 90 days of segregation. (Comp. at 7.) He is seeking an order requiring that he be immediately placed in a cell by himself and arrangement made to transfer him to another facility. (Compl. at 10-11.) He is also seeking actual damages for "psychological, mental and emotional injur[ies]" and punitive damages. *Id*.

**Motion to Dismiss Standard**

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 217-18 (4th Cir.1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION[2]

The Plaintiff states that he feared for his safety based upon his transfer back to the ACI and that he told corrections officials of his fear. The Defendants contend the Plaintiff has failed to state a claim. The undersigned agrees.

Prison officials are required to protect inmates from violent attacks by other inmates. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (holding prison officials have duty to protect prisoners from violence "at the hands of other prisoners"). "[A] prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait

---

[2]Initially, the undersigned notes that some of the relief requested by the Plaintiff (i.e transfer out of the ACI) is now moot as he is no longer incarcerated at the ACI. (Dkt. # 19 - Change of Address Notice.) *See Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009) (holding "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").

until he is actually assaulted to obtain relief."[3] *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973). While an inmate need not wait until he is actually assaulted, he still must also show that he is, in fact, being exposed to an existing unreasonable hazard or conditions. *Helling v. McKinney,* 509 U.S. 25, 35-36 (finding no Eighth Amendment claim where inmate is not presently exposed to actual danger, but only speculates as to potential danger he might be exposed to in the future). The prison conditions complained of must, considered objectively, pose "a substantial risk of serious harm." *Farmer,* 511 U.S. at 834, 836. "This determination requires the fact-finder to consider the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure [to the danger]." *Pack v. Artuz,* 348 F.Supp.2d 63, 79 (S.D.N.Y. 2004). The risk of future harm "must be 'sure or very likely to cause serious illness and needless suffering,'" and give rise to 'sufficiently imminent dangers.'" *Baze v. Rees,* 553 U.S. 35, 50 (2008) (internal quotation omitted).

Here, there are no facts which would support the Plaintiff's fears that the risk of harm was sure or very likely to cause him harm and there is no evidence that the SCDC officials had notice of any new threats directed toward the Plaintiff. In response to the Defendants' motion, the Plaintiff argues that the ACI has a long history of violence and he notes that a staff member at one time was convicted of giving a gun to an inmate who used it to harm another inmate. (Pl.'s Mem. Opp. Mot. to Dismiss at 7.) However, even assuming these allegations are true, there is no evidence whatsoever of any threats against the Plaintiff by any current inmates at the ACI. The Plaintiff merely speculates that he might have still been in danger based upon his protective custody transfer out of the ACI in 1991.

---

[3]"At the time *Woodhous* was decided, inmate attacks were evaluated under a negligence standard. Although the negligence standard for § 1983 actions was superannuated by later caselaw, *Woodhous* is still good law on the issue of inmate attacks." *Littlejohn v. Parker,* 2007 WL 601592, 3 (D.S.C. 2007)

The Plaintiff's transfer out of the ACI 20 years earlier cannot, without more, be the basis for finding the Plaintiff's claims and concerns for his present day safety were reasonable. Accordingly, this claim should be dismissed.

**Retaliation**

The Plaintiff also alleges the Defendants have retaliated against him by charging him with "bogus" disciplinary charges which resulted in the loss of 80 days of good time credits and 90 days of segregation. (Comp. at 7.) The Defendants contend the Plaintiff has failed to state a claim of retaliation. The undersigned agrees.

To succeed on a retaliation claim, the plaintiff must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944). The plaintiff must plead specific evidence "establish[ing] that but for the retaliatory motive [,] the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Complaints that offer nothing more than conclusory allegations of retaliation may be summarily dismissed. *Adams*, 40 F.3d at 74.

Here, the Plaintiff has alleged only conclusory allegations of retaliation.[4] He has not alleged any specific facts which would support such a claim. Moreover, a favorable determination on these allegations would violate the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that plaintiffs cannot recover damages under § 1983 for an allegedly unconstitutional conviction if the conviction remains valid. *See also*

---

[4]In his declaration, the Plaintiff states that on June 4, 2010, in retaliation the Defendants subjected him to a violent and mental inmate who set him up by stating that the Plaintiff had stabbed him. (Pl.'s Mem. Opp. Summ. J. Mot. at 6.) The undersigned notes this occurred after the Plaintiff filed this action and the Plaintiff has not moved to amend his Complaint. Therefore, this unsubstantiated claim of retaliation is not even properly before the court.

6

*Edwards v. Balisok,* 520 U.S. 641 (1997)(holding a prisoner cannot use a § 1983 action to challenge prison procedures to deprive the prisoner of good-time credits when the alleged procedural defect would, if established, "necessarily imply the invalidity of the punishment imposed."). The Plaintiff has not alleged his disciplinary convictions have been reversed or overturned.

Finally, the Plaintiff also alleges his transfer to the ACI, and to five institutions since October 2009, without justification supports a retaliation claim. (Pl.'s Mem. Opp. Mot. to Dismiss at 13.) First, again the Plaintiff's bare assertions of retaliation do not establish a claim of constitutional magnitude. Furthermore, inmates have no constitutional right to be housed in any particular prison or jail. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Meachum v. Fano,* 427 U.S. 215(1976).

Based on the foregoing, it is recommended that the Defendants' Motion to Dismiss (Dkt. # 20) be GRANTED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

October 18, 2010
Greenville, South Carolina

The Plaintiff's attention is directed to the important notice on the next page.