```
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION
```

| | | |
|---|---|---|
| Willie Joe Sturkey, #146039, | ) | C/A No.: 8:10-1281-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Jon Ozmint, Warden Bollenger, Warden Pate, and Lt. Walker, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Willie Joe Sturkey is a state inmate who is currently housed at the Kershaw Correctional Institution. On May 20, 2010, Plaintiff, appearing pro se, filed the within action pursuant to 42 U.S.C. § 1983 against Defendants Jon Ozmint, Director of the South Carolina Department of Corrections ("SCDC"); Warden Bollenger of the Trention Correctional Institution ("TCI"); Warden Pate of the Allendale Correctional Institution ("ACI"); and Lieutenant Walker of TCI. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling.

On July 13, 2010, Defendants filed a motion to dismiss the complaint, or in the alternative, a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on July 14, 2010, advising Plaintiff of the procedure for motions to dismiss and motions for summary judgment and the possible consequences if he failed to respond adequately. On July 26, 2010, Plaintiff responded to Defendants' motion. On August 2, 2010, Plaintiff filed an additional response to Defendants' motion. On October 18, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion to dismiss be granted. On October 29, 2010, Plaintiff objected to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## **FACTS**

Plaintiff alleges that in 1991, he was placed in protective custody and transferred from the ACI "for his safety" because of a "regional riot" between Greenville, South Carolina and Charleston, South Carolina. Compl. ¶¶ 7-11. On or about February 18, 2010, Plaintiff was informed that he would be transferred from the TCI to the ACI "as a result of filing complaints against Lt. Walker." Compl. ¶ 12. Plaintiff alleges that he told Lt. Walker and Warden Bollenger "that he feared for his safety" because of his impending transfer to the ACI. Compl. ¶ 14. Plaintiff indicates that he filed three grievances and a "request to staff," regarding his transfer to the ACI. Compl. ¶¶ 15-17. All three grievances were returned unprocessed as "non-grievable" claims. Plaintiff alleges that he did not receive a response to the "request to staff." *Id.*

Plaintiff states that once he arrived at the ACI, he told SCDC officials of his fears and requested protective custody. Compl. ¶ 18. Plaintiff was told to file a grievance. *Id.* Plaintiff alleges that he filed a request for protective custody on or about February 23, 2010, but then Associate Warden, now Warden Pate did not respond. Compl. ¶ 20. Plaintiff contends that Defendants knew about risks to his safety in transferring him to the ACI. Plaintiff alleges that the

transfer violated his Eighth and Fourteenth Amendment Rights, and constituted gross negligence. Compl. at 3; Pl. Aff. ¶ 6. Plaintiff alleges that as of the filing of the complaint, he continued to be exposed to "unreasonable safety and pervasive harm because agents of SCDC refuse to act." Compl. ¶ 22.

Plaintiff also alleges that he has been retaliated against for filing complaints and grievances. Compl. ¶ 23. Plaintiff contends that he was not only subjected to a retaliatory transfer to the ACI, Compl. ¶ 12, but was also "subjected to bogus charges, 90 days segregation and loss of 80 days of good time." Compl. ¶ 24. Plaintiff contends that his placement in a cell with a violent cell mate was retaliatory. Pl. Obj. at 3.

At the time Plaintiff filed his complaint, he was housed at the ACI. Plaintiff seeks immediate placement in protective custody, "in a cell by himself," and transfer to another facility. Compl. at 10-11.[1] Plaintiff also seeks compensatory damages for "pervasive phsycological [sic], mental, and emotional injur[ies]" as well as punitive damages. Compl. at 11-12.

## DISCUSSION

**I.  Failure to Protect from Violence Claim**

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's claim that Defendants failed to protect him from violence should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff contends that once he "brought it to the attention of the defendants that be was being exposed to unreasonable safety with being transferred to [the] ACI and that the records reflected the same[,] it was the defendants['] duty to take reasonable steps to ensure

---

[1] As was noted by the Magistrate Judge, Plaintiff's transfer to the Kershaw Correctional Institution moots these requests.

3

[P]laintiff['s] safety." Pl. Obj. at 7.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006).

Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Weatherholt v. Bradley*, 316 F. App'x 300, 301 (4th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)); *see also Woodhaus v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the [E]ighth and [F]ourteenth [A]mendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates. . . ."). To establish a claim against prison officials for failure to protect a prisoner from violence, the prisoner must show: 1) "that he is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, and 2) that the prison officials had a "sufficiently culpable state of mind." *Id.* (internal citations and quotations omitted). "In prison-conditions cases [the required] state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (internal citations omitted).

4

Plaintiff's objection misses the gravamen of the Magistrate Judge's reason for her recommendation of dismissal. The Magistrate Judge found that Plaintiff's fears for his safety were speculative because, at the time of Plaintiff's transfer, it had been almost twenty years since Plaintiff had been housed at the ACI, and Plaintiff alleged no facts indicating that the threat of the "regional riot" remained or that there were new threats directed towards Plaintiff. The court agrees with the Magistrate Judge. Plaintiff does not allege any facts indicating why he believes that the ACI was an unsafe place for him to be housed in 2010. Plaintiff does not allege that any specific inmate is likely to attack him, nor does he allege that the "regional riot" is ongoing. The court concludes that Plaintiff has not alleged a substantial risk of serious harm. Plaintiff's failure to protect from violence claim is dismissed.

**II.    Retaliation Claims**

Plaintiff next objects to the Magistrate Judge's recommendation that the court dismiss Plaintiff's retaliation claims as conclusory. Plaintiff contends that his transfer from "TCI to ACI" was carried out in retaliation for Plaintiff's "filing grievance[s] against officials and prior law suits, of the plaintiff assisting other prisoners with complaints against officials, whom [sic] was [sic] employed within SCDC." Pl. Obj. at 8; *see also* Compl. ¶ 23. Plaintiff contends that his transfer was retaliatory because "Defendant Freeman"[2] informed Plaintiff that he was being transferred to the ACI as a result of filing grievances against Lt. Walker and other officials. Pl. Obj. at 2; *see also* Compl. ¶ 12. Plaintiff contends that Defendants also retaliated against him by subjecting him to "bogus disciplinary offenses and plac[ing] [him] in a cell with an inmate from Charleston who

---

2   Freeman is not a Defendant in this case. Plaintiff alleges in his papers that he filed a motion to join Freeman as a Defendant, but the docket in this case reveals that Plaintiff has not filed a motion for joinder.

claimed plaintiff stabbed him." Pl. Obj. at 8.

To state a First Amendment claim for retaliation under § 1983, a plaintiff "must establish three elements: (1) the plaintiff's right to speak was protected; (2) the plaintiff suffered some adverse action in response to h[is] exercise of a protected right; and (3) a causal relationship between the plaintiff's speech and the defendant's retaliatory action." *Shepard v. Irving*, 77 F. App'x 615, 621 (4th Cir. Aug. 2003). Therefore, a prisoner may state a cause of action for retaliation if he alleges he was subjected to an adverse action for filing grievances. *See Shepard v. Irving*, 77 F. App'x 615, 621 (4th Cir. Aug. 2003).

Plaintiff's first claim of retaliation is that he was transferred to the ACI because he filed grievances against prison officers. "[F]or the purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474 (4th Cir. 2005) (internal quotation omitted). Contrary to Plaintiff's assertion, the transfer of a prisoner to another prison facility, without more, is not an adverse action. *See Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350 (6th Cir. 2006) ("transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights . . . [unless] there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts."). *But see Rhodes*, 408 F.3d at 568 (holding that plaintiff stated a claim where he alleged prison officials destroyed property, threatened transfer, and assaulted him in retaliation for filing grievance and lawsuit); *Lindsay v. Chesney,* 179 F. App'x 867, 869 (3rd Cir. 2006) (plaintiff's "confinement in administrative custody and transfer to another facility could

constitute 'adverse actions' for purposes of a retaliation claim. . . ."). This finding is consistent with well-settled law that an inmate does not have a right to be confined in a particular facility, *Meachum v. Fano*, 427 U.S. 215, 224 (1976), and that liberty interests are not implicated by transfers between prisons. *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983). The court agrees with the Sixth Circuit that unless a transfer will foreseeably have an adverse affect on a prisoner, a transfer is not an adverse action upon which a retaliation claim may be based. Plaintiff does not allege that his transfer to the ACI had any foreseeable adverse affect on him other than his unsupported safety concerns. Therefore, Plaintiff's retaliation claim based upon his transfer to the ACI does not state a claim that would entitle Plaintiff to relief.

Plaintiff's second retaliation claim is that he was subjected to "bogus" disciplinary charges for filing grievances. Under the holding in *Heck v. Humphrey*, 512 U.S. 447 (1994), if a successful claim for damages under § 1983 "would necessarily imply the invalidity of his conviction or sentence," such a claim is not cognizable unless the prisoner can demonstrate that his conviction or sentence has already been invalidated. *Id.* at 487. This doctrine has been extended to the context of disciplinary convictions. *See Dewitt v. Adduci*, 62 F. App'x 532, 532 (4th Cir. 2003)(plaintiff's right of action "has not accrued because he has not established that the validity of his disciplinary conviction has been reversed."); *Edwards v. Balisok*, 520 U.S. 641 (1997) (prisoner cannot challenge prison procedures that deprived him of good time credits if the challenge would "necessarily imply the invalidity of the punishment imposed."). Plaintiff does not contend that his disciplinary conviction has been overturned. Therefore, Plaintiff's retaliation claim based upon allegedly "bogus" disciplinary charges is not cognizable under § 1983.

Plaintiff has also alleged in his response to Defendants' motion to dismiss that Defendants

retaliated against him for filing grievances by housing him with a violent cell mate. The Magistrate Judge found that because Plaintiff's placement with an allegedly violent cell mate occurred on June 4, 2010, which was after the commencement of this action, and Plaintiff had not sought to amend his complaint, this claim was not properly before the court. The court agrees.

### III. Alleged Bias of the Magistrate Judge

Plaintiff objects to the Magistrate Judge's report stating: "it is very clear that the Magistrate Judge intend[s] to misconstrue the facts and law concerning the plaintiff['s] issues . . . [b]y asserting speculative and bias[ed] arguments in favor of the defendants in violation of Judicial Conduct." Pl. Obj. at 5. This objection is without merit. Plaintiff offers no support for his allegation that the Magistrate Judge is biased against him except that the Magistrate Judge recommended dismissing his claims. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.* Plaintiff's allegation that the Magistrate Judge's recommendation was biased amounts to no more than unsupported speculation. Plaintiff has provided no reason for a person with knowledge of all of the circumstances of this case to question the Magistrate Judge's impartiality.

### IV. Summary Judgment

Plaintiff objects to the Report and Recommendation contending that Defendants have not met their burden with regard to summary judgment and that Plaintiff has not been given the opportunity

to engage in discovery. Pl. Obj. at 5. This objection is without merit. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's recommendation. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). This objection does not direct the court to a specific error in the Magistrate Judge's Report and Recommendation because the Magistrate Judge recommended that the court grant Defendants' motion to dismiss and did not reach the alternative motion for summary judgment.

Plaintiff also objects to the Report and Recommendation contending that the affidavit of Mary Coleman was made in bad faith. Pl. Obj. at 6. The affidavit stated that Plaintiff did not file a grievance with regard to his retaliation claim based upon the allegedly "bogus" disciplinary charges. This objection is without merit because the Magistrate Judge did not rely on the Coleman affidavit in making her recommendation.

## CONCLUSION

Defendants' Motion to Dismiss (Entry 20) is **granted.** Plaintiff's claims are dismissed without prejudice.

**IT IS SO ORDERED.**

                                              s/ Margaret B. Seymour
                                              The Honorable Margaret B. Seymour
                                              United States District Judge

November 29, 2010
Columbia, South Carolina